UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN TESSER,

                Plaintiff,

      -against-

GUTMAN, MINTZ, BAKER &
SONNENFELDT, LLP,

             Defendant.

Case No. 1:26-cv-05189 (JLR)

**<u>ORDER TO SHOW CAUSE</u>**

JENNIFER L. ROCHON, United States District Judge:

The Court is in receipt of Plaintiff's July 6, 2026 letter response, Dkt. 6 ("Letter"), to the

Court's Order to Show Cause why this Fair Debt Collection Practices Act ("FDCPA") action

should not be transferred to the Eastern District of New York, Dkt. 5 ("OSC"). In his Letter,

Plaintiff concedes that his claims arise from Defendant's efforts to collect on a judgment entered

in an underlying nonpayment proceeding concerning an apartment in Bayside, New York, which

is in the Eastern District of New York. Letter at 1. He further acknowledges that "[u]pon further

review . . . [he] has confirmed that Defendant . . . is based in the Eastern District of New York."

*Id.* Consequently, the Eastern District of New York is the only judicial district in which "a

substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C.

§ 1391(b)(2), or "in which any defendant resides," *id.* § 1391(b)(1). Venue is therefore not

proper in this District.

"The district court of a district in which is filed a case laying venue in the wrong division

or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought." 28 U.S.C. § 1406. "Whether to dismiss an

improperly venued case outright, or transfer it to a district where it 'could have been brought,' is

within the discretion of the court where the case was initially filed." *Alexander v. Comm'r of Soc. Sec.*, No. 23-cv-06964 (AT) (BCM), 2023 WL 6125634, at *3 (S.D.N.Y. Sept. 19, 2023) (citation omitted) (quoting 28 U.S.C. § 1406(a)).  "Because the purpose of 28 U.S.C. § 1406(a)'s transfer provision is to remove whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits, it is frequently more efficient to transfer the case than to dismiss it." *Shepperson v. Greenwood Motor Lines, Inc.*, No. 23-cv-09097 (GHW) (SDA), 2024 WL 967438, at *5 (S.D.N.Y. Mar. 6, 2024) (quoting *Shalto v. Broadway Barbers LIC Inc.*, No. 24-cv-0795 (PAE) (BCM), 2024 WL 839050, at *1 (S.D.N.Y. Feb. 28, 2024)); *see Grossman v. Citibank, N.A.*, No. 22-cv-09183 (NSR), 2022 WL 16751944, at *1 (S.D.N.Y. Nov. 4, 2022) ("Transfer should be the usual remedy for improper venue."); *see also Colacino v. Davis*, No. 19-cv-09648 (VB), 2020 WL 4340730, at *1 (S.D.N.Y. July 28, 2020) ("A court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte.*" (quoting *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05-cv-06939 (MBM), 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006))).  Accordingly, given that this action was improperly filed in the Southern District of New York, the Court, in its discretion, finds that transfer in the interest of justice is warranted.

It is hereby ORDERED that this case be TRANSFERRED to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a).  Since Defendant has not yet appeared in this action, it is further ORDERED that Plaintiff shall promptly serve Defendant a copy of this Order and, upon the docketing of this action in the Eastern District of New York, shall file proof of such service on that docket.

2

The Clerk of Court is respectfully directed to transfer this case to the Eastern District of New York.

Dated: July 7, 2026
   New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge